JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Meredith Gill
1235 Colonial Avenue
Roslyn, PA 19001

**DEFENDANTS**
Abington Memorial Hospital
1200 Old York Road
Abington, PA 19001

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
267-546-0131

Attorneys *(If Known)*
Kristin E. DiMarco
225 Newtown Road
Warminster, PA 18974
215.481.4285

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. §§ 12101 et seq

Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/19/17
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Meredith Gill                                :          CIVIL ACTION
                v.                           :
Abington Memorial Hospital                   :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✓)

_10/19/17_                _Graham F. Baird_              _Meredith Gill_
**Date**                  **Attorney-at-law**            **Attorney for**

_267-546-0131_            _215-944-6124_                 _grahamb@ericshore.com_
**Telephone**             **FAX Number**                 **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1235 Colonial Ave, Roslyn PA 19001

Address of Defendant: 1200 Old York Rd, Abington PA 19001

Place of Accident, Incident or Transaction: 1200 Old York Rd, Abington PA 19001
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Graham F. Baird, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/19/17   _____   92692
                  Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/19/17   _____   92692
                  Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEREDITH GILL<br>1235 Colonial Avenue<br>Roslyn, PA 19001<br><br>      Plaintiff,<br><br>      v.<br><br>ABINGTON MEMORIAL HOSPITAL<br>1200 Old York Road<br>Abington, PA 19001<br><br>And<br><br>ABINGTON HEALTH—ARIA HEALTH SYSTEM<br>1200 Old York Road<br>Abington, PA 19001<br><br>And<br><br>ABINGTON HEALTH—ARIA HEALTH SYSTEM<br>225 Newtown Road<br>Warminster, PA 18974<br><br>      Defendants | JURY DEMANDED<br><br><br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, MEREDITH GILL (hereinafter "Ms. Gill") is an adult individual residing at the above address.

2. Defendant, ABINGTON MEMORIAL HOSPITAL is a non-promit corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a

principal place of business at the above captioned address. Defendant is a hospital and medical care provider.

3. Defendant, ABINGTON HEALTH—ARIA HEALTH SYSTEM is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address(es). Defendant ABINGTON HEALTH—ARIA HEALTH SYSTEM, owns, operates, manages, or is otherwise affiliated with ABINGTON MEMORIAL HOPITAL.

4. At all times material hereto, Defendants are private entities that owns, leases, manages and/or operates a place of public accommodation, as that term is defined by the Americans with Disabilities Act.

5. The aforementioned Defendants were acting together, in concert and for the benefit of each other at the time of the incident giving rise to the Plaintiff's civil action complaint.

6. This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was at the Defendants' location at the time in the Eastern District of Pennsylvania at the time of Defendants' conduct, as set forth herein.

## II. Operative Facts.

10. On or about May 6, 2017, Plaintiff's mother, Mary Gill, was admitted to Defendants' Behavioral Health Unit at the Abington Memorial Hospital.

11. Mary Gill was hospitalized by Defendant after sustaining a mental breakdown leading to a suicide attempt.

12. On May 11, 2017, Plaintiff, Meredith Gill participated in a conference call with her mother (Mary), other family members and a social worker employed by Defendants.

13. At that time, on May 11th, Mary Gill was still hospitalized at Abington Memorial Hospital by the Defendants.

14. During the May 11, 2017 conference call, Mary agreed that it was time for her to have visitors for the first time following her suicide attempt and hospitalization and asked her daughter, the Plaintiff, to come visit.

15. Plaintiff, Meredith Gill is quadriplegic and uses a motorized powered wheelchair to move following a serious car accident she sustained some years ago.

16. Plaintiff also has a trained service dog named "Tom."

17. Tom assists Plaintiff in many of her day to day tasks, such, as opening and closing doors and cabinets, retrieving items and tools for Plaintiff to use and also provides emotional support and freedom from anxiety.

18. Mary Gill informed Defendants' social worker and other staff of Plaintiff's need to bring Tom along as an accommodation for her aforementioned disabilities.

19. Mary Gill explained to Defendants' social worker that Tom is permitted to enter Defendants' hospital subject to the strictures of the ADA.

20. At the time of the phone call, Defendants' social worker, assigned to care for Mary Gill informed Mary that Tom was probably not allowed to enter the Behavioral Health Unit and advised that if Plaintiff wanted to visit her mother, Plaintiff was prohibited from bringing Tom along.

21. However, Defendants' social worker advised that she would in fact, check the Defendants' policy on service dogs to verify her belief.

22. On May 11, 2017, Defendants' social worker informed Mary that Tom is permitted, subject to the ADA and Abington Hospital's own policy on service dogs to enter the hospital and assist the Plaintiff, consistent with his training.

23. On May 12, 2017, Meredith arrived with her brother and her service dog, Tom.

24. Immediately upon entering Defendants' Behavioral Health Unit, Defendants' staff members escorted the family and Tom to an isolation room, instead of the family visiting room in the Behavioral Health Unit.

25. Defendants' staff insisted that the family was required to remain in the isolation room due to Tom's presence.

26. Defendants' staff also insisted that several nurses stay with the family in the isolation room because admitted behavioral health patients were prohibited from meeting in complete privacy with their families or visitors.

27. The cramped nature of the isolation room and the presence of Defendants' nurses created a problematic awkward setting under the circumstances.

28. Plaintiff calmly and reasonably explained that the isolation requirement was an unfair restriction and violated the Americans with Disabilities Act.

29. Immediately, Defendants' charge nurse advised Plaintiff that she had two (2) choices, as follows: 1) stay in the isolation room while she meets with her mother for the first time following her mental breakdown and suicide attempt with nurses present; or 2) leave Defendants' hospital with Tom.

30. Given the unfair and illegal restriction foisted upon her by Defendants' staff, Plaintiff chose to leave, after once again, calmly explaining that Defendants' conduct was violative of the Americans with Disabilities Act.

31. Two days later on Mother's Day, 2017, Plaintiff, to her great detriment, returned to Abington Hospital without her service dog, Tom to avoid further violation of her civil rights.

32. Plaintiff also needed to see and speak with her mother after the traumatic experience and could not afford to wait for Defendants to comply with the Americans with Disabilities Act.

33. On Mothers' Day, 2017, without Tom accompanying her, Plaintiff was permitted in the family area to meet with her mother.

34. By refusing Ms. Gill access to the Behavioral Health Unit with Tom, Defendants violated the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

35. Defendants failed to reasonably accommodate Plaintiff by the denial of access due to her service dog.

36. Upon information and belief, Defendants' conduct not only violated the Americans with Disabilities Act and the Pennsylvania Human Relations Act, but also, Abington Memorial Hospital's own policies with respect to service animals within the confines of the property.

37. As a direct and proximate result of Defendants' conduct in refusing Plaintiff access to the hospital, Plaintiff sustained extreme emotional distress, humiliation, pain and suffering, economic loss, and other damages as set forth below.

**III. Causes of Action.**

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## (42 U.S.C.A. §§ 12101, et seq)

38. Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

39. At set forth above, Plaintiff is disabled as contemplated by the Americans with Disabilities Act.

40 At all times material hereto, Defendants are owning, leasing, managing or operating a public accommodation as defined in the Americans with Disabilities Act.

41. As set forth above, Defendants interfered and wrongfully denied the Palintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendants' premises, in violation of Title III, § 302 of the Americans with Disabilities Act, 42 U.S.C. § 12182, and pursuant to federal regulations including but not limited to 28 CFR 36.104 and 36.301.

42. Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000(a) -3 (a)) as Plaintiff is being subjected to discrimination on the basis of her disability in violation of this title.

43. Given the proximity of Plaintiff's home to Abington Hospital, Plaintiff reasonably expects that she and Tom will be expected, in the future, to use the services and facilities of Abington Hospital.

44. Plaintiff seeks a specific prohibition against Defendant maintaining and enforcing their discriminatory policy towards disabled persons who are accompanied by service dogs, as described above.

45. Plaintiff has reasonable grounds to expect she will be subjected to such discrimination each time that she may attempt to patronize Defendants' hospital.

46. Plaintiff intends to return to this public accommodation but may not be able to do so until Defendants cease their discriminatory practices.

47. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages.

48. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

49. Pursuant to 42 U.S.C. §2000e-3(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.

50. Plaintiff incorporates paragraphs 1-49 as if fully set forth at length herein.

51. As set forth above, Plaintiff has a disability and as such, is a member of a protected class.

52. As described above, Defendants denied Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendants' premises, in violation of the Pennsylvania Human Relations Act.

53. As such, Defendants have violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

54. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: economic loss, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

55. Plaintiff demands attorneys' fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, Meredith Gill demands judgment in her favor and against Defendants, Abington Memorial Hospital, and Abington Health--Aria Health System jointly and severally, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Injunctive relief;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Meredith Gill

Date: October 18, 2017